Bhuyan v. Holder
BIA
Hom, IJ
A200 026 432

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at New York Law School, 185 West Broadway, in the City of New York, on the 17th day of October, two thousand twelve.

PRESENT:
> Dennis Jacobs,
> > *Chief Judge,*
> Robert A. Katzmann,
> Debra A. Livingston,
> > *Circuit Judges.*

_____

MIRAJ BHUYAN,
> *Petitioner,*

    v.                     11-3699
                           RAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| FOR PETITIONER: | Thomas V. Massucci, New York, New York. |
| FOR RESPONDENT: | Stuart Delery, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Kerry A. Monaco, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Miraj Bhuyan, a native and citizen of Bangladesh, seeks review of an August 31, 2011, order of the BIA affirming the August 24, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Miraj Bhuyan, No. A200 026 432 (B.I.A. Aug. 31, 2011), aff'g No. A200 026 432 (Immig. Ct. N.Y.C. Aug. 24, 2009). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005); Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B); see also Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). Because Bhuyan does not challenge the agency's denial of CAT relief, and as the BIA declined to consider the IJ's alternate basis for denying asylum and withholding of removal, we consider only whether the agency's adverse credibility determination supports the denial of asylum and withholding of removal.

For applications such as Bhuyan's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008). We defer to an IJ's credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. Xiu Xia Lin, 534 F.3d at 167.

2

Here, substantial evidence supports the IJ's adverse credibility determination. The IJ relied in large part on Bhuyan's submission of two fraudulent documents--letters purportedly authored by two officials from Bhuyan's political party, the Awami League, on his behalf. Documents like Bhuyan's letters, which are submitted in support of an asylum claim,[1] are subject to the *falsus in uno, falsus in omnibus* maxim under which, once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity." Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir. 2007).

The IJ gave a number of reasons for doubting the documents' authenticity. For instance, one of the dates in the letters had been altered to read "May 07, 2004" instead of "May 06, 2004." A Department of Homeland Security Forensic Document Laboratory confirmed that such alteration had, in fact, occurred. The IJ also found it odd that copies of the letters--which Bhuyan testified were partial translations of the original documents--contained this same alteration, rendering the documents suspect because an alteration in the English portion of the original should not be visible in the English portion of the translated document. Bhuyan now asserts that he was mistaken when he testified that the documents had been translated; the purported "translations" were actually exact copies of the originals, except that they were printed on English letterhead rather than Bengali letterhead.

Bhuyan urges that the IJ's decision therefore rested on a factual error. We disagree for several reasons. [1] Bhuyan never raised the issue with either the IJ or the BIA, which should preclude him from arguing it on appeal. See 8 U.S.C. § 1252(d)(1) (mandating that an alien seeking withholding of removal exhaust "all administrative remedies

---

[1] Bhuyan asserts that only inauthentic government-issued documents can support an adverse credibility finding. However, see, e.g., Siewe v. Gonzales, 480 F.3d 160, 170-71 (2d Cir. 2007) (denying petition and upholding IJ's adverse credibility determination based in part on submission of inauthentic support letters purportedly drafted by another political activist).

available to the alien as of right"). [2] Bhuyan's own testimony was the source of the alleged misstatement and compelled the conclusion with which he takes issue on appeal. [3] Even if his new explanation were credited (thereby undercutting one basis for the IJ's adverse credibility determination), that explanation would provide an additional basis for the IJ's finding--a direct contradiction of Bhuyan's own testimony on a highly material subject.

But we need not consider these implications because the IJ's concerns about document authenticity went well beyond this translation issue. The IJ also found suspicious that the two letters were identical in almost every respect, with the bodies of the letters drafted *in haec verba* and containing the exact same formatting; the letters contained different dates, despite Bhuyan's testimony that his brother had procured them from the same office on the same day; and a single Awami League political office is alleged to have printed the letter on the letterhead of another office. Bhuyan had an opportunity to allay these concerns by producing an affidavit by his brother explaining how he obtained the letters or by offering the envelope that enclosed them. He failed to do so.

On appeal, Bhuyan challenges the IJ's conclusion about the fraudulent nature of these documents, and instead urges this Court to adopt Bhuyan's innocent explanations: that one non-English-speaking Awami League officer simply copied the other's letter; that the alteration was attributable to the author's correction of a typographical error; and that the letters contained different dates because Bhuyan's brother received the signed letters from the two officers on different dates. But a petitioner "must do more than offer a plausible explanation" to secure relief; "he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir. 2005) (internal quotation marks omitted).

The IJ's credibility finding was grounded in specific concerns about two documents central to Bhuyan's claim for asylum and withholding of removal, while Bhuyan's explanations (although perhaps not wholly implausible) nevertheless left important questions unanswered. The IJ's

4

decision not to credit these explanations (which Bhuyan failed to clearly articulate at the hearing) is insufficient to warrant remand, especially given the "highly deferential" nature of our review. Id. at 79.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5